Steven J. Boranian (SBN 174183)
Email:  sboranian@reedsmith.com
Alison B. Riddell (SBN 246120)
Email:  ariddell@reedsmith.com
REED SMITH LLP
101 Second Street, Suite 1800
San Francisco, CA  94105
Telephone:    415.543.8700
Facsimile:    415.391.8269

Attorneys for Defendant
ELI LILLY AND COMPANY

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK BAKER, on behalf of himself and all others similarly situated,<br><br>            Plaintiff,<br><br>      vs.<br><br>ELI LILLY AND COMPANY and DOES 1 to 50, inclusive,<br><br>            Defendants. | Case No.: 09-cv-04915 CW<br><br>**STIPULATION TO STAY ALL PROCEEDINGS**<br><br>**ORDER AS MODIFIED** |

Plaintiff Mark Baker ("Baker") and Defendant Eli Lilly and Company ("Lilly") (collectively, "the Parties") hereby stipulate to and request a stay of all proceedings pending resolution of similar lawsuits before the United States Court of Appeals for the Ninth Circuit.  In support of this stipulation, the Parties state:

1. Mr. Baker's Complaint alleges that Lilly's failure to provide its California sales representatives with meal and rest periods, as well as its failure to pay these sales representatives overtime pay, constitutes a violation of California's Business and Professions Code § 17200 *et seq*. Resolution of this lawsuit will therefore turn on whether, in fact, Lilly's California sales representatives are "exempt" employees not entitled to overtime pay, rest periods, and break periods.

2. Currently before the Ninth Circuit are several cases addressing the same or very similar issues, *i.e.*, whether pharmaceutical sales representatives are exempt under California's wage and hour laws and regulations.  *Barnick v. Wyeth*, 07-56684 (California's outside sales and administrative exemptions); *D'Este v. Bayer Corp*, 07-56577 (same); *Menes v. Roche Labs.*, 08-55286 (California's outside sales exemption); *Brody v. AstraZeneca Pharmaceuticals LP*, 08-56120 (California's outside sales and administrative exemptions); *Delgado v. OrthoMcNeil, Inc.*, 09-55225 (consolidated with *Yacoubian v. OrthoMcNeil, Inc.*, and addressing the exempt status of pharmaceutical representatives under California's outside sales exemption); *Rivera v. Schering Corp.*, 08-56565 (California's outside sales exemption).

3. On February 11, 2009, the Ninth Circuit heard oral argument in the consolidated cases of *Menes v. Roche*, *D'Este v. Bayer*, and *Barnick v. Wyeth*.  In all three appeals, the district courts had awarded summary judgment to defendants based on the outside sales exemption under California law.

4. On May 5, 2009, the Ninth Circuit certified two questions to the California Supreme Court, addressing both the outside sales and the administrative exemptions as applied to

pharmaceutical representatives. On June 10, 2009, the California Supreme Court denied the Ninth Circuit's request. On July 15, 2009, the Ninth Circuit entered an order withdrawing *Menes v. Roche*, *D'Este v. Bayer*, and *Barnick v. Wyeth* from submission pending issuance of the mandate in *Harris v. Superior Court*, No. 515655, reviewed granted by 171 P.3d 545 (Cal. 2007). The consolidated cases will be resubmitted to the Ninth Circuit within twenty days of the California Supreme Court's decision in *Harris v. Superior Court*.

5.   A stay of this lawsuit until the Ninth Circuit has ruled on this exemption issue would be efficient and would conserve judicial resources as well as the Parties' time and resources.

6.   This Court and other federal courts have stayed similar cases concerning the classification of pharmaceutical sales representatives pending appeals in related actions. *See Thorpe v. Abbott Laboratories, Inc.*, 5:07-cv-05672 RMW (N.D. Cal. Mar. 5, 2009) [Dkt. No. 54]; *Silverman v. GlaxoSmithKline PLC*, 06-cv-7272 DSF (C.D. Cal. Dec. 17, 2008) [Dkt. No. 188]; *Freemen v. Hoffman LaRoche Inc.*, 2:07-cv-01503 JLL (D.N.J. Mar. 24, 2009) [Dkt. No. 110] (upon plaintiffs' unopposed motion to stay, district court administratively terminated the action subject to plaintiffs' right to request reinstatement within 60 days of final resolution of appeal); *Coultrip v. Pfizer, Inc.,* No. 1:06-cv-09952-AKH (S.D.N.Y.) (staying discovery per the parties' agreement until a ruling by the Second Circuit in *In re Novartis Wage and Hour Litigation*); *Jackson v. Alpharma, Inc.*, No. 3:07-cv-03250-GEB-DEA (D.N.J.) (granting defendant's motion to stay proceedings and ordering that defendant's summary judgment motion be filed 45 days after the Third Circuit issued a decision in *Smith v. Johnson & Johnson*.); *Ruggeri v. Boehringer Ingelheim Pharmaceuticals, Inc.*, No. 3:06-cv-01985-JBA (D. Conn.) (granting defendant's unopposed motion to stay trial pending the Second Circuit's decision in *In Re Novartis* and *Kuzinski v. Schering Corp.*); *Schedel v. Merck & Co., Inc.,* No. 3:07-cv-00391-FLW-TJB (D.N.J.) (granting parties' motion seeking a stay of proceedings pending a decision by the Third Circuit in *Smith v. Johnson & Johnson* except for certain limited discovery requests); *see also Brody v. Astrazeneca Pharmaceuticals, LP,* 08-56120

(9th Cir. Mar. 3, 2009) (granting joint motion for stay based on pendency of related appeals).  True and correct copies of these stay orders are attached to the accompanying Request for Judicial Notice.

7. The Court has the authority to grant this relief.  *Landis v. North American Co.,* 299 U.S. 248, 254 (1936) ("the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); *accord Denny v. Merck & Co., Inc.*, No. 04 Civ. 0526, slip op. (S.D. Tex. Dec. 6, 2004) ("[t]he power to stay all proceedings is well established.").  Moreover, neither party would be prejudiced by a stay in this action.

8. Accordingly, the Parties respectfully stipulate and request that the Court vacate the Initial Status Conference set for April 26, 2009 and stay all proceedings in this matter until after the Ninth Circuit has issued a decision on the exempt status of pharmaceutical sales representatives in one of the cases identified in Paragraph 2 above.

IT IS SO STIPULATED

DATED:  November 19, 2009.

KINGSLEY & KINGSLEY, APC

By:    /s/ Eric B. Kingsley
    Eric B. Kingsley
    Attorneys for Plaintiff

DATED:  November 19, 2009.

REED SMITH LLP

By:    /s/ Steven J. Boranian
    Steven J. Boranian
    Attorneys for Defendant

# ORDER

PURSUANT TO STIPULATION, IT IS SO ORDERED, **AS MODIFIED. THE CASE IS STAYED. THE CASE MANAGEMENT CONFERENCE WILL REMAIN SET FOR APRIL 6, 2010, AT 2:00 P.M., BUT MAY BE CONTINUED BY STIPULATION IF THE NINTH CIRCUIT HAS NOT ISSUED A RULING**.

DATED:  11/24/09

*/s/ Claudia Wilken*
_____
The Honorable Claudia Wilken
United States District Judge